**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)**

| | |
|---|---|
| TECH USA, INC., : | |
| : | |
| Plaintiff, : | No.: 1:12-CV-02717-GLR |
| : | |
| v. : | |
| : | |
| AMBER S. HOPPEL, : | |
| STEPHEN E. BRADY, and : | |
| RANDSTAD US, : | |
| : | |
| Defendants. : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## AMBER S. HOPPEL AND RANDSTAD US

Defendants Amber S. Hoppel and Randstad US ("Randstad") (collectively "Defendants"), through their undersigned counsel, respond as follows to the Complaint of Plaintiff TECH USA, INC. ("Plaintiff"):

### THE PARTIES, JURISDICTION AND VENUE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct.

**DEFENDANT MS. HOPPEL**

3. Admitted in part, denied in part. It is admitted that Ms. Hoppel is an individual and resident of Pennsylvania and that she resides at the address identified. It is further admitted that she is regularly employed in Delaware. It is denied that she is employed by Randstad US.

**DEFENDANT RANDSTAD US**

4. Denied. By way of further answer, Defendants Brady and Hoppel are employed by Randstad Technologies, LP.

**DEFENDANT STEPHEN E. BRADY**

5. Defendants admit that Brady resides at 26128 Camden Woods Drive, Fort Mill, SC 29707. By way of further answer, Defendant Brady is a citizen of South Carolina. The remaining allegations are denied.

6. The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied. By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

7. The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied. By way of further answer, the agreement referenced in this paragraph is a documents in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

8. The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied. By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of that document is therefore denied.

**THE CONTROVERSY**

9. Defendants admit that Ms. Hoppel was hired by Plaintiff on or about February 15, 2009 and resigned from Plaintiff's employment on August 14, 2012. Defendants further admit that Ms. Hoppel worked in different offices of Plaintiff. By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of that document is therefore denied. Defendants deny the remaining allegations contained in this paragraph.

10. The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied. By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

11. The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied. By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

12. The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied. By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct.

13.     The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.  By way of further answer, the agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

14.     Denied.  The allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

15.     Denied.  Further, the allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

16.     Denied.  By way of further answer, Ms. Hoppel started work with Randstad Technologies LP on or about August 20, 2012 at its Wilmington, Delaware office.  Defendants deny that her employment is in violation of the agreement because it is overbroad and unenforceable as written.  Defendants admit that Ms. Hoppel has communicated with certain friends, who are, or were, also employees of Plaintiff.  Defendants deny that Ms. Hoppel attended a private Tech USA event, rather Ms. Hoppel was invited to have a drink by her friends, who work for Plaintiff, in a public establishment.  By way of further answer, the letters referenced in this paragraph are documents in writing that speak for themselves, and Plaintiff's characterization of these documents is therefore denied.

17.     Defendants admit that Mr. Brady sent an email on August 9, 2012, through his Linked In account to approximately nineteen of his contacts, only one of which works for Plaintiff.  Defendants deny that Mr. Brady sought to illegally employ Plaintiff's employees.  Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct.  By way of further answer, the email

and letter referenced in this paragraph are documents in writing that speak for themselves, and Plaintiff's characterization of these documents is therefore denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.  Further, the allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

19.     The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

20.     The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.  Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct.   The

remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. The remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. The remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

26.     Defendants admit that Plaintiff paid Ms. Hoppel compensation for which she worked and that she was entitled to receive. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be

simple, concise and direct. The remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

27. Defendants admit that Ms. Hoppel was required to sign an agreement with Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason. The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. The remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

28. Defendants admit that Ms. Hoppel worked in different offices of Plaintiff during her employment. Defendants specifically deny at Ms. Hoppel has solicited customers of Plaintiff that she serviced during her employment and note that Plaintiff has not cited any evidence in support of that bare allegation. Defendants further specifically deny that Ms. Hoppel has solicited employees of Plaintiff to terminate their employment with Plaintiff and join Randstad and note, again, that Plaintiff has not cited any evidence in support of that claim. Defendants also deny that the agreement signed by Ms. Hoppel is reasonable. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph of Plaintiff's

Complaint and, thus, denies them for that reason. The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied. The remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

## COUNT I

29. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

30. Defendants deny that Ms. Hoppel advertises and promotes her employment status to current employees of Plaintiff and that she showed up uninvited to a TECH USA function on August 30, 2012. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied. To the extent that any remaining allegations of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

31. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied. To the extent that any such allegations of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT II

32. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

33. Denied.

34. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied. To the extent that any such allegations of this paragraph of Plaintiff's Complaint are deemed factual, they are denied. The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

35. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied. To the extent that any such allegations of this paragraph of Plaintiff's Complaint are deemed factual, they are denied. The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

36. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied. To the extent that any such allegations of this paragraph of Plaintiff's Complaint are deemed factual, they are denied. The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for

relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT III

37.     The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

38.     Defendants deny that Ms. Hoppel removed Plaintiff's property.  To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief.  To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

39.     To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief.  To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.  The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT IV

40.     The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

41. To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

42. To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

43. To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

44. The agreement referenced in this paragraph is a document in writing that speaks for itself, and Plaintiff's characterization of this document is therefore denied.

45. Denied. The remaining allegations of this paragraph of the Complaint are conclusions of law to which no response is required, and they are therefore deemed denied.

46. To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

47. To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT V

48. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

49. It is admitted that Ms. Hoppel had signed a contract with Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

50. Admitted in part, denied in part. Defendants admit that Mr. Brady sent an email through Linked In to approximately nineteen of his contacts regarding employment opportunities. Defendants admit that Ms. Hoppel resigned from Plaintiff on August 14, 2012. Defendants deny that Mr. Brady knew very well of TECH USA's contractual and other business relationships with all of its management, sales, and recruiting employees. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. To the extent any remaining allegations in this paragraph are deemed to be factual, they are denied, upon information and belief.

51. Denied. To the extent any remaining allegations in this paragraph are deemed to be factual, they are denied, upon information and belief.

52. Denied. To the extent any remaining allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

53. Denied.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT VI

55. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

56. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied.

57. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT VII

59. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

60. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## COUNT VIII

62. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

63. To the extent that the allegations of this paragraph of the Complaint are deemed factual, they are denied as written. Defendants further deny the allegations in this paragraph because the allegations are vague and ambiguous as drafted insofar as this paragraph violates Federal Rule of Civil Procedure 8(d)(1) requiring each allegation to be simple, concise and direct. The remaining allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied.

64. To the extent any allegations in this paragraph are deemed to be factual, they are denied, upon information and belief. To the extent that this paragraph contains conclusions of law, no response is required, and they are therefore deemed denied.

65.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiff's Complaint and, thus, denies them for that reason.

**WHEREFORE**, having fully answered this Count of Plaintiff's Complaint, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

### AFFIRMATIVE DEFENSES

In further answering Plaintiff's Complaint, Defendants asserts the following defenses:

### FIRST DEFENSE

Plaintiff has failed to state a claim against Randstad US as it is not the entity which employs Defendants Hoppel and Brady.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH DEFENSE

Plaintiff's alleged damages, if any, are barred by its failure to mitigate damages.

### SIXTH DEFENSE

Plaintiff's injuries, if any, were caused, in whole or in part, by its own acts or omissions.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, were caused by the acts or omissions of a third-party outside of Defendants' control and for whom Defendants are not legally responsible.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unconscionability.

## NINTH DEFENSE

The purported agreement is overly broad, unreasonable, unenforceable and violates public policy.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH DEFENSE

Defendants' conduct was and is subject to a competitor's privilege and constitutes fair competition.

## TWELFTH DEFENSE

At all relevant times, Defendants conducted themselves in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars Plaintiff from asserting the claims set forth in its Complaint.

## THIRTEENTH DEFENSE

Plaintiff had actual knowledge, should have known, and/or had constructive knowledge of the events which gave rise to one or more of Plaintiff's claims, and Plaintiff's failure to act upon such knowledge to prevent such events operates as a bar to Plaintiff's claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants state that they reserve the right to assert and rely upon such other defenses as may appear warranted following discovery herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, having fully answered, Defendants pray that judgment be entered in their favor and against Plaintiff, that Plaintiff's requests for relief be denied in their entirety, and that Defendants be granted their costs, attorneys' fees, and such other relief as the Court determines to be just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury on any issue so triable by right.

Date:  December 27, 2012                                                Respectfully submitted,

FISHER & PHILLIPS LLP

*/s/ David W. Erb*
David W. Erb
Susan M. Guerette (*Pro Hac Motion Pending*)
79 East Main Street, Suite 207
Westminster, Maryland  21157
Telephone (410) 857-1399
Facsimile (410) 857-1133
derb@laborlawyers.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on this 27th day of December, 2012, I electronically filed the foregoing Answer and Affirmative Defenses of Defendants with the Clerk of Courts using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via the Court's ECF System:

> Allan P. Hillman, Esquire
> Kern & Hillman, LLC
> 2911 Dixwell Avenue, Suite 203
> Hamden, CT 06518-3915

> /s/David W. Erb
> David W. Erb