IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| TECH USA, INC., | : |
| Plaintiff, | : No.: 1:12-CV-02717-GLR |
| v. | : |
| AMBER S. HOPPEL, STEPHEN E. BRADY, and RANDSTAD US, | : |
| Defendants. | : |

**DEFENDANT STEPHEN E. BRADY'S
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant, Stephen E. Brady, by and through the undersigned counsel, offers this memorandum of law in support of his motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Mr. Brady, who has no contacts or business with the State of Maryland.

**MEMORANDUM OF LAW**

**I.   UNDISPUTED RELEVANT FACTS**

Plaintiff, TECH USA, Inc. ("TECH USA"), filed a Complaint against Stephen E. Brady, Amber Hoppel and Randstad US. The Complaint alleges three counts against Mr. Brady: tortious interference, unfair competition and civil conspiracy.

However, the Complaint is devoid of any grounds for personal jurisdiction over Mr. Brady. The Complaint acknowledges that Mr. Brady lives in South Carolina. See Complaint at paragraph 5. The Complaint further recognizes that Mr. Brady works in North Carolina.[1] The

---

[1] TECH USA improperly identified Mr. Brady's current employer as Randstad US, instead of the correct entity, which is Randstad Technologies LP.

Complaint does not assert any connection whatsoever between Mr. Brady and the State of Maryland, nor is there any. Therefore, there is no basis for personal jurisdiction against Mr. Brady and the Complaint should be dismissed as to him.

## II.  LEGAL ARGUMENT

### A.  Plaintiff's Claims Against Mr. Brady Should Be Dismissed For Lack of Personal Jurisdiction.

A federal court may exercise personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. See Fed. R. Civ. P. 4(e). When evaluating the propriety of personal jurisdiction obtained under a state long-arm statute, the court normally applies a two-step process. English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990). First, the court determines whether the long-arm statute authorizes the exercise of jurisdiction in the circumstances presented. Ellicott Mach. Corp. v. John Holland Party, Ltd., 995 F.2d 474, 1993 U.S. App. LEXIS 11729 (4th Cir. 1993). If so, then the court considers whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards. Id. Since the Maryland legislature designed its long-arm statute to extend personal jurisdiction to the limits allowed by federal due process, the normal two-step inquiry becomes one. See Mohamed v. Michael, 279 Md. 653, 657, 370 A.2d 551 (1977); Md. Code Ann., Cts. & Jud. Proc. § 6-103.

The Due Process Clause of the Fourteenth Amendment protects a defendant's "liberty interest in not being bound in personam by judgments of a forum with which [it] lacks meaningful contacts, ties or relations." First American First, Inc. v. National Association of Bank Women, 802 F.2d 1511, 1515 (4th Cir. 1986). Therefore, before a court may exercise personal jurisdiction over a defendant, the defendant must be found to have certain "minimum contacts" with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.

Ed. 95, 66 S. Ct. 154 (1945).  Minimum contacts exist where the defendant "'purposefully directs'" their activities toward the residents of the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984)); Hanson v. Denckla, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).  If the defendant has created a substantial connection to the forum, then he has purposefully "availed himself of the privilege of conducting business there." Burger King, 471 U.S. at 476.

Importantly, minimum contacts can provide a basis for personal jurisdiction only if they satisfy the concept of "fair play and substantial justice." International Shoe, 326 U.S. at 316 (quotation omitted). The Supreme Court's decision in Burger King emphasizes that the "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." Burger King, 471 U.S. at 477-78.  In other words, "once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Id. at 476 (quoting International Shoe, 326 U.S. at 320).

In this case, personal jurisdiction fails at every step of this analysis.  Mr. Brady did not take any steps to establish minimum contacts with the State of Maryland.  Nor did Mr. Brady in any way purposefully avail himself of the privilege of conducting business in Maryland. There is no dispute that Mr. Brady lives and works outside the State of Maryland.  There is no claim that Mr. Brady purposefully directed his activities towards citizens of the forum state.  In fact, the only claim asserted against Mr. Brady involves an email that he sent from North Carolina, to an

individual (among many) located in Pennsylvania, about employment opportunities in the "Philly market" – again, in Pennsylvania.  See Complaint at ¶ 17.

There can be no claim that personal jurisdiction over Mr. Brady would comport with notions of fair play and substantial justice because Mr. Brady has not done anything to direct his activities into the State of Maryland.  Therefore, there would be no basis for him to "reasonably anticipate being haled into court" in Maryland.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

Because Mr. Brady has not purposefully availed himself of the privilege of conducting business in Maryland or directed his activities towards residents of the state, there are no minimum contacts that would sustain a claim of personal jurisdiction over him.  Accordingly, Mr. Brady moves for dismissal of the Complaint against him for lack of personal jurisdiction.

### III.     CONCLUSION

Plaintiff's Complaint must be dismissed because it is undisputed from the Complaint that there is no basis for personal jurisdiction over Mr. Brady.

Date:  December 28, 2012                                    Respectfully submitted,

                                                            FISHER & PHILLIPS LLP

                                                            */s/ David W. Erb*
                                                            David W. Erb
                                                            Susan M. Guerette
                                                            79 East Main Street, Suite 207
                                                            Westminster, Maryland  21157
                                                            Telephone (410) 857-1399
                                                            Facsimile (410) 857-1133
                                                            derb@laborlawyers.com

                                                            *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on this 28th day of December, 2012, I electronically filed the foregoing Memorandum of Law of Defendant Stephen Brady, together with the Motion to Dismiss and Proposed Order, with the Clerk of Courts using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via the Court's ECF System:

>
> Allan P. Hillman, Esquire
> Kern & Hillman, LLC
> 2911 Dixwell Avenue, Suite 203
> Hamden, CT 06518-3915

>
>
> /s/David W. Erb
> David W. Erb