# KERN & HILLMAN, LLC

SCOTT C. KERN                                                           scott@franchiselawsource.com
ALLAN P. HILLMAN                                                        allan@franchiselawsource.com

*By Electronic Filing*

December 19, 2013

The Honorable George L. Russell
United States District Court Judge
United States District Court for the District of Maryland
101 W Lombard St.
Baltimore, MD 21201

RE:   *Tech USA, Inc. v. Hoppel et al.*, **Civil Action No. GLR 12-2717**

Dear Judge Russell:

    While seeking to avoid a detailed briefing on the "non-signatory" issue via correspondence (full briefing will accompany Plaintiff's upcoming arbitration motion under 9 U.S.C. § 3 *et seq.*), Plaintiff notes that the following dicta from the penultimate paragraph of *Davis Vision v. Md Optometric Assn*, 187 Fed.Appx. 299 *4 (4th Cir. 2006), the case relied upon by Defendants in their recent letter to the Court, is supportive of Plaintiff's position on requiring non-signatories to arbitration clauses, such as Defendant Randstad, to arbitrate in certain cases, such as the current case (on the theory of estoppel/substantially interdependent and concerted misconduct, akin to the "significant relationship" test reviewed in Plaintiff's most recent letter):

> 'Two sets of circumstances fall within that theory [estoppel]. First, "[w]hen each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." [citation omitted]. Second, "application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."'

    In the current case, Plaintiff's tortious interference and conspiracy claims against nonsignatory Randstad both "make[] reference to or presume[] the existence of the written agreement," moreover the signatory Plaintiff's claims "arise out of and relate directly to the written agreement...." Accordingly, "arbitration is appropriate." *Id. Accord*, *In re Titanium Dioxide Antitrust Litigation*, — F.Supp.2d —, 2013 WL 4516472 *8 (D.Md. 2013) ("The Plaintiffs' Complaint alleges coordinated behavior between signatories and nonsignatories. Moreover, the claims are based on the same facts, are inherently inseparable, and, as this Court explains [further in its] Memorandum Opinion, fall within the scope of the arbitration clauses at

Hon. George L. Russell
December 19, 2013
Page 2 of 2

issue. Thus, the *Aggarao* factors are met in this case"); *see also Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 373 (4th Cir. 2012).

We thank the Court for its consideration of counsels' letters and their proposed Scheduling Orders and urge the Court to implement the Scheduling Order proposed by Plaintiff.

Respectfully yours,

Allan P. Hillman

Encl.

Cc: Susan Guerette, Esquire (by email: sguerette@laborlawyers.com)
    Gregory Hanscom, Esquire (by email: ghanscom@laborlawyers.com)
    Grover C. Outland, Esquire (by email: outland@techusa.net)